UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DIANNA NEWSOME,

                Plaintiff,

vs.

CREDIT CORP SOLUTIONS, INC.
(a Delaware corporation),

                Defendant.
_____/

Civil Action No._____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff alleges that Defendant continued to communicate with Plaintiff in an attempt to collect an alleged debt despite knowledge that Plaintiff was represented by an attorney with respect to such debt and despite knowledge that Plaintiff wished Defendant to cease and desist communicating with Plaintiff, in violation of Plaintiff's civil rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Defendant resides here.

## PARTIES

3. Plaintiff, Dianna Newsome is a natural person and a citizen of the State of Indiana residing in Fort Wayne, Indiana.

4. Defendant, Credit Corp Solutions, Inc., is a foreign for-profit corporation organized and existing under the laws of Delaware with its principal place of business and corporate offices in Draper, Utah.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, a GE Capital Retail Bank/ Care Credit Vet account.

10. On or before January 2021, Defendant began contacting Plaintiff in an attempt to collect the alleged debt.

11. On February 16, 2021, Plaintiff's attorney provided correspondence to Defendant.  A copy of the February 16, 2021 correspondence is attached hereto as Exhibit "A".

12.     The February 16, 2021 correspondence informs Defendant that Plaintiff is represented by an attorney with respect to the alleged debt and contains the name and address of Plaintiff's attorney.

13.     The February 16, 2021 correspondence informs Defendant that Plaintiff is a senior, veteran and / or disabled individual whose sole source of income is protected by federal law.

14.     The February 16, 2021 correspondence informs Defendant that Plaintiff wishes Defendant to cease further communication with Plaintiff.

15.     On March 3, 2021, Defendant sent a demand for payment directly to Plaintiff.  A copy of the demand for payment is attached hereto as Exhibit "B".

16.     Accordingly, Plaintiff's attorney had to inform, Defendant again in writing that Plaintiff was represented by an attorney with respect to the alleged debt and wished Defendant to cease further communication with Plaintiff.

17.     "[T]he FDCPA's statutory findings explicitly identify 'invasions of individual privacy' as one of the harms against which the statute is directed." *Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341, 1347 (11th Cir. 2021) (citing 15 U.S.C. § 1692(a)); *see also Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (noting that the invasion of privacy was a core concern of the FDCPA).

18.     To prevent the invasion of a debtor's individual privacy, section 1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, section 1692c(a)(2) of the FDCPA prohibits a debt collector

from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, *see* 15 U.S.C. § 1692c(a)(2), while section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who "notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer," *see* 15 U.S.C. § 1692c(c).

19. Defendant's continued collection actions invaded Plaintiff's privacy. Plaintiff had been informed by counsel and believed that Plaintiff had the right to demand that collection communications cease and had a right to privacy. Defendant's collection communications made Plaintiff believe that Plaintiff's demands had been futile and that Plaintiff did not have the rights that Congress had granted Plaintiff under the FDCPA. Defendant's collection actions resulted in a direct invasion of Plaintiff's legally-protected right to be left alone and Plaintiff's right to privacy – rights granted to consumers under section 1692c of the FDCPA. Moreover, Plaintiff had to go to the trouble and expense of having Plaintiff's counsel send yet another letter to Defendant to tell Defendant to leave Plaintiff alone.

20. Defendant's actions caused Plaintiff to question whether Plaintiff's counsel had done its job, whether Plaintiff had the right to be left alone, and whether Plaintiff had the right to be represented by counsel – all of which upset, distressed and alarmed Plaintiff.

21. Defendant's actions were willful.

## COUNT I
## COMMUNICATING WITH A REPRESENTED CONSUMER
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

22. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant communicated with Plaintiff in connection with the collection of an alleged debt despite knowledge that Plaintiff was represented by an attorney with respect to such debt and knowledge of such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO CEASE AND DESIST COMMUNICATION
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(c)

24. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

25. Defendant continued to communicate with Plaintiff with respect to the alleged debt after being notified that Plaintiff wished Defendant to cease further communication with Plaintiff in violation of 15 U.S.C. § 1692c(c).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> */s/ Kimberly H. Wochholz*
> Kimberly H. Wochholz
> Fla. Bar # 0092159
> Admitted in the Northern District of Indiana
> The Consumer Rights Law Group
> P.O. Box 5326
> Sun City Center, Florida 33571
> Tel: (813) 413-5710
> Fax: (866) 535-7199
> Kim@ConsumerRightsLawGroup.com
> *Counsel for Plaintiff*